## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Radford Daly and Neil Simpson : | |
| : | |
| : | |
| Individually, and on behalf of all others similarly : | |
| situated as Class Representatives, : | |
| : | |
| Plaintiffs, : | |
| : | Case No.: 21-cv-7409 |
| v. : | |
| : | CLASS AND COLLECTIVE |
| Atlantic Cooling and Technology Services LLC, : | ACTION |
| Johnson Staffing Inc., and Telston Johnson : | |
| : | |
| : | JURY TRIAL REQUESTED |
| Defendants. : | |
| : | |
| : | |

## **COMPLAINT**

### I.  PRELIMINARY STATEMENT

1.  Plaintiffs Radford Daly and Neil Simpson (collectively "Plaintiffs"), both former employees of Defendants who were promptly fired by Defendants after filing a wage theft complaint with the United State Department of Labor Wage and Hour Division, bring this action on behalf of themselves and as a Collective and Class Action on behalf of the more than 40 individuals who currently work and/or previously worked as manual laborers in Defendants' heating and cooling business but were never paid a premium rate for overtime hours as required by law.

2.  Plaintiffs were employed as manual laborers by Defendants. Throughout their employment, Plaintiffs worked exclusively at work sites operated by Atlantic Cooling and

Technology Services LLC ("Atlantic Cooling"), were supervised by Atlantic Cooling managers and were subject to all Atlantic Cooling policies and procedures.

3. Johnson Staffing Inc. ("Johnson Staffing") was used by Defendants as a purported subcontracting entity to hire Plaintiffs and other laborers who were each paid less than their earned wages for a period of time prior to being "transferred" onto Atlantic Cooling's official payroll.  In reality, Johnson Staffing is not an independent entity and functions exclusively to perform Atlantic Cooling business.

4. Plaintiffs frequently worked more than forty (40) hours in a work week but were not paid a premium rate for overtime hours.  Plaintiffs were not paid for "spread of hours" and were not provided with the wage notices and wage statements required by New York Labor Law (NYLL).

5. The Plaintiffs, on behalf of themselves and all others similarly situated, and as class representatives, bring this action against Defendants Atlantic Cooling and Technology Services LLC, Johnson Staffing Inc., and Telston Johnson (collectively "Defendants"), for Defendants' failure to lawfully pay Plaintiffs' wages for their work and for Defendants' failure to comply with NYLL wage notice and wage statement requirements.  As to themselves, Plaintiffs also seek relief for Defendants' illegal retaliation.

6. Plaintiffs allege violations of the overtime and anti-retaliation provisions of the federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the overtime, spread of hours and hiring and wage notice provisions of New York Labor Law Article 19 §650, *et seq.* ("NYLL"). Plaintiffs seek their earned but unpaid wages, liquidated damages, back pay, reinstatement, front pay, compensatory and punitive damages pursuant to the FLSA, liquidated and statutory damages pursuant to the NYLL, and reasonable attorneys' fees,

costs, and interest, as well as declaratory relief.

7.    Plaintiffs bring their FLSA overtime claims individually and on behalf of other similarly situated current and former employees of Defendants under the collective action provisions of the FLSA, 29 U.S.C. § 216(b).

8.    Plaintiffs bring their NYLL claims individually and on behalf of a class of persons pursuant to Rule 23(a), 23(b)(1) and (b)(3) of the Federal Rules of Civil Procedure.

## II.    JURISDICTION AND VENUE

9.    This Court has jurisdiction pursuant to the FLSA, 29 U.S.C. § 201 et seq., 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1337.  As this action arises under Acts of Congress regulating commerce, jurisdiction over Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

10.   With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that the state law claims derive from a common nucleus of operative fact and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

11.   Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), because the events giving rise to this claim occurred primarily within this judicial district. Venue is also appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendant Atlantic Cooling is subject to the Court's personal jurisdiction in this district and all Defendants are residents of the State of New York.

## III.    THE PARTIES

12.   Plaintiff Radford Daly is an adult individual and resident of the State of New York, Kings County.  His written consent to be a party in this action is attached hereto as Exhibit A.

13.    Plaintiff Neil Simpson is an adult individual and resident of the State of New York, Bronx County.  His written consent to be a party in this action is attached hereto as Exhibit B.

14.    At all times relevant to this Complaint, Plaintiffs were employees of Defendants as that term is defined by

a.   the FLSA, 29 U.S.C. § 203(e) (1), and by

b.   the NYLL § 190.

15.    At all times relevant to this Complaint, Plaintiffs were employees engaged in commerce or the production of goods for commerce, and/or were employees in an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203 *et seq*.

16.    Upon information and belief, Defendant Atlantic Cooling is a New Jersey corporation doing business in the State of New York.   Atlantic Cooling maintains corporate headquarters at 80 Kero Road, Carlstadt, NJ 07072.

17.    Upon information and belief, Defendant Johnson Staffing is a domestic corporation doing business in the State of New York. Johnson Staffing maintains its headquarters at 107-24 131st Street South Richmond Hill, NY 11419.

18.    Upon information and belief, Defendant Telston Johnson is the titular owner of Johnson Staffing and an employee of Atlantic Cooling and is a resident of the State of New York, Queens County.

19.    At all times relevant to the Complaint, Defendant Telston Johnson, acting as an employee and agent of Atlantic Cooling, had the power to hire and fire Defendants' employees, set Defendants' employees' wages and work schedules, retain time and/or wage records, and otherwise control the terms and conditions of employment of Defendants' employees

including Plaintiffs.

20.   At all times relevant to the Complaint, Defendant Atlantic Cooling was an employer of each of the Plaintiffs as that term is defined by

a. the FLSA, 29 U.S.C. § 203(d) and by

b. NYLL § 190.

21.   At all times relevant to the Complaint, Defendant Johnson Staffing was an employer of each of the Plaintiffs as that term is defined by

a. the FLSA, 29 U.S.C. § 203(d) and by

b. NYLL § 190.

22.   At all times relevant to the Complaint, Defendant Telston Johnson was an employer of each of the Plaintiffs as that term is defined by

a. the FLSA, 29 U.S.C. § 203(d) and by

b. NYLL § 190.

23.   Upon information and belief, Defendants grossed more than $500,000 per year in revenue for the past five (5) calendar years and individually and collectively are an enterprise engaged in commerce.

24.   At all times relevant to the Complaint, Defendants functioned as a single integrated enterprise engaged in related activities for a common business purpose under common ownership and management.

## IV.   STATEMENT OF FACTS

25.   Defendant Atlantic Cooling is a cooling tower service company performing profitable installations, repairs and maintenance work for the real estate industry in the New York metropolitan area.

26.   Defendant Telston Johnson is an employee and agent of Defendant Atlantic Cooling. He recruits employees and assists in their supervision while simultaneously working as an employee of Atlantic Cooling.

27.   Upon information and belief, Defendant Johnson Staffing was formed to facilitate the hiring of individuals exclusively for Defendant Atlantic Cooling.  Once hired, these individuals were fully integrated into Atlantic Cooling's workforce. They labored alongside Atlantic Cooling staff at Atlantic Cooling worksites, wore Atlantic Cooling uniforms and received supervision from Atlantic Cooling supervisors.  Their work schedules were made and controlled by Atlantic Cooling and their time records were created and maintained by Atlantic Cooling. They were provided with and subject to all Atlantic Cooling personnel policies and procedures, including requesting from Atlantic Cooling approval for time off and schedule adjustments.

28.   Plaintiff Radford Daly was hired by Defendants on or about October 2018.  From the beginning of his employment until approximately October 2020, Plaintiff Radford Daly was paid by Defendant Johnson Staffing. He often worked 7 days per week and typically worked 8 hours per day but sometimes worked from 5 am to 5 pm. He was paid $15 per hour and his rate of pay increased incrementally to $19 per hour.  He never received a premium rate for overtime hours.

29.   On or about November 2020, Plaintiff Radford Daly was informed by Defendants that he would be "put on Defendant Atlantic Cooling's books."  All aspects of his employment remained the same except that he was then paid by Defendant Atlantic Cooling and received all his wages, including premium overtime compensation, by check from Atlantic Cooling.

30.     Plaintiff Neil Simpson was hired by Defendants on or about October 2018.  From the beginning of his employment until approximately September 2020, Plaintiff Neil Simpson was paid by Defendant Johnson Staffing. He typically worked 7 days per week and usually worked more than 8 hours per day but sometimes worked as many as 16 hours in a single day.  During this time period, he was paid $15 per hour which was incrementally increased to $16 per hour but he never received a premium rate for overtime hours.

31.     On or about October 2018, Plaintiff Neil Simpson was informed by Defendants that he would be "put on Defendant Atlantic Cooling's books."  All aspects of his employment remained the same except that he was then paid by Defendant Atlantic Cooling and received all his wages, including premium overtime compensation, by check.

32.     During the period of time when Plaintiffs were paid by Defendant Johnson Staffing, more than 50% of their worksites were located in Manhattan.  Plaintiffs also worked frequently in White Plains, NY.

33.     Each of the above-named Plaintiffs routinely worked in excess of 40 hours per week and often worked more than ten (10) hours in a day.  Defendants failed to pay each Plaintiff a premium rate for his overtime hours and never paid him an extra hour of pay for working more than ten (10) hours in a day.

34.     Since 2018, Defendants have employed scores of workers, including Plaintiffs, in this manner, failing to pay them overtime and spread of hours compensation as required by law.

35.     On or about May 12, 2021, Plaintiffs filed with the United States Department of Labor ("USDOL") Wage and Hour Division a complaint for Defendants' failure to pay them their earned overtime wages.

36.     Upon information and belief, Defendants were made aware of Plaintiff's USDOL

complaint around May 2021.

37.    On or about May 2021, Defendant Telston Johnson approached Plaintiff Neil Simpson at a job site located at 100 Wall Street New York, NY and stated in substance: "I'm being investigated by the authorities and I suspect you called them.  You're going to get yourself in serious trouble.  When they call again, tell them you made a mistake and that you never worked for Johnson Staffing."

38.    On or about July 28, 2021 Plaintiffs were "taken off the board" and ceased to receive work assignments from Defendants.

39.    On or about August 19, 2021, Defendants terminated Plaintiffs' employment.  No other employees were terminated at this time.

40.    Defendants were aware or should have been aware that applicable law required them to pay employees such as Plaintiffs' premium pay for all hours worked in excess of forty (40) per week.

41.    At the time that Plaintiffs and other workers began working for Defendants, Defendants failed to furnish them with accurate written disclosures of their legally mandated wage rates as required by NYLL § 195(1).

42.    Defendants never thereafter furnished Plaintiffs or other workers with accurate written disclosures as required by NYLL § 195(1).

43.    Defendants failed to furnish Plaintiffs and other workers with accurate wage statements containing the information required by NYLL § 195(3).

44.    Upon information and belief, at all times during the period of Plaintiffs' employment by Defendants, at least 15 other individuals were simultaneously employed by Defendants in similar capacities and were subject to the same nonpayment of lawful wages in violation

of Federal and State law as described in the preceding paragraphs.  The duration of employment for each individual varied.  Plaintiffs estimate that in total at least 50 individuals were employed by Defendants in similar capacities at the same job sites and subject to the same pay, hiring notice and wage statement policies during the past six years.

## V.    FLSA COLLECTIVE ACTION ALLEGATIONS

45.    Plaintiffs Radford Daly and Neil Simpson bring their FLSA overtime wage claims, the First Cause of Action, as a collective action under the collective action provision of the FLSA as set forth in 29 U.S.C. § 216(b) on behalf of themselves and the "FLSA Overtime Wage Collective Class" defined as:

> All current and former employees who have worked for one or more of Defendants as manual laborers and received wage payments from Johnson Staffing Inc. or Telston Johnson within the three years prior to the filing of this case, or such earlier date as the Court may determine is equitable, and the date of final judgment in this matter.

46.    The current and former employees described above are situated similarly to Plaintiffs within the meaning of FLSA, 29 U.S.C. § 216(b) and, therefore, the First Cause of Action herein may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA.

47.    These causes of action are also maintainable as collective actions pursuant to FLSA, 29 U.S.C. §216(b) because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual current and former employees which would establish incompatible standards of conduct for Defendants.

48.    The names, last known addresses and cell phone numbers of the proposed Collective Action Class members are available from Defendants, and notice of and an opportunity to

join this lawsuit should be provided to all potential opt-in Plaintiffs both by first class mail

to their last known address and by workplace posting, as well as by other practicable means

including but not limited to text messaging, as soon as possible.

## VI.   FRCP RULE 23 CLASS ACTION ALLEGATIONS

49.    Plaintiffs Radford Daly and Neil Simpson bring their NYLL claims, the Second, Third, and

Fourth Causes of Action, on behalf of themselves and all other similarly situated

individuals (hereinafter "the NYLL Class") under Rules 23(a), (b)(1) and (b)(3) of the

Federal Rules of Civil Procedure.  The NYLL Class is defined as follows

   a.  All persons who worked for one or more of the Defendants as manual laborers and
       received wage payments from Johnson Staffing Inc. or Telston Johnson during the
       Class Period, or such earlier date as the Court may determine is equitable.

50.    The persons in the NYLL Class identified above are so numerous that joinder of all

members is impracticable.  Although the precise number of such persons is unknown, and

facts on which the calculation of that number are presently within the sole control of

Defendants, upon information and belief, there are approximately 50 members of the

NYLL Class during the six years prior to the filing of this lawsuit.  There are questions of

law and fact common to the NYLL Class which predominate over any questions affecting

only individual members.  The claims of the Individual Plaintiffs are typical of the claims

of the NYLL Class.  The Individual Plaintiffs will fairly and adequately protect the interests

of the NYLL Class.  A class action is superior to other available methods for the fair and

efficient adjudication of the controversy – particularly in the context of wage and hour

litigation where individual employees lack the financial resources to vigorously prosecute

a lawsuit in federal court against corporate defendants. The Defendants have acted or

refused to act on grounds generally applicable to the NYLL Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the NYLL Class as a whole.

51.    Questions of law and fact common to the collective and class action as a whole include, but are not limited to the following:

    a.   Whether each of the Defendants is an employer under the FLSA and/or the NYLL;

    b.   Whether Defendants unlawfully failed and continue to fail to pay required overtime compensation in violation of FLSA;

    c.   Whether Defendants unlawfully failed and continue to fail to pay spread of hours and overtime compensation in violation of NYLL;

    d.   Whether Defendants failed to provide legally required hiring notices and wage statement notices, in violation of NYLL.

## VII.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Fair Labor Standards Act Overtime Wage Violations**
**On Behalf of Plaintiffs Radford Daly, Neil Simpson and the FLSA Overtime Wage Collective Class**

52.    Plaintiffs Radford Daly, Neil Simpson and any FLSA Overtime Wage Collective Class members who file individual consents to sue in this action restate, re-allege and incorporate by reference all of the preceding allegations as if fully set forth herein.

53.    Defendants willfully failed to pay Plaintiffs and the FLSA Overtime Wage Collective Class members overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

54. Due to Defendants' FLSA violations, Plaintiffs and the FLSA Overtime Wage Collective Class members are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216 (b).

## SECOND CAUSE OF ACTION

### New York Labor Law – Overtime Wage
### On Behalf of Plaintiffs Radford Daly, Neil Simpson and the NYLL Class

55. Plaintiffs Radford Daly and Neil Simpson on behalf of themselves and the NYLL Class restate, re-allege and incorporate by reference all of the previous allegations as if fully set forth herein.

56. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek within seven (7) calendar days after the end of the week in which the wages were earned in violation of the NYLL and its regulations.

57. Due to Defendants' New York Labor Law violations, Plaintiffs Radford Daly, Neil Simpson and NYLL Class members are entitled to recover from Defendants, jointly and severally, their unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL §§ 198, 663, and 681.

## THIRD CAUSE OF ACTION

### New York Labor Law – Spread of Hours
### On Behalf of Plaintiffs Radford Daly, Neil Simpson and the NYLL Class

58. Plaintiffs Radford Daly and Neil Simpson on behalf of themselves and the NYLL Class

restate, re-allege and incorporate by reference all of the previous allegations as if fully set forth herein.

59.     Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an extra hour of pay for days on which their workday spanned more than ten (10) hours or on which they worked split shifts within seven (7) calendar days after the end of the week in which the wages were earned in violation of the NYLL and its regulations.

60.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid spread of hours compensation, liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL §§ 198, 663, and 681.

**FOURTH CAUSE OF ACTION**

**New York Labor Law – Wage Notice and Wage Statement**
**On Behalf of Plaintiffs Radford Daly, Neil Simpson the NYLL Class**

61.     Plaintiffs Radford Daly and Neil Simpson on behalf of themselves and the NYLL Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

62.     Defendants failed to supply Plaintiffs a notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiffs as their primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other

information as the commissioner deems material and necessary.

63.    Defendants failed to supply Plaintiffs with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

64.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each day that Defendants failed to provide a proper notice at the time of hiring from February 26, 2015 through the present, Plaintiffs are entitled to damages of $50 per day, up to a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, as well as reasonable attorneys' fees, costs, and injunctive and declaratory relief.

65.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage statement from February 26, 2015 through the present, Plaintiffs are each entitled to damages of $250 per day, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

### FIFTH CAUSE OF ACTION

**Fair Labor Standards Act - Retaliation**
**On Behalf of Plaintiffs Radford Daly and Neil Simpson**

66.    Plaintiffs Radford Daly and Neil Simpson re-allege and incorporate by reference all of the previous allegations as if fully set forth herein.

67.     Defendants discharged or otherwise discriminated against Plaintiffs Radford Daly and Neil Simpson because they filed a complaint for unpaid wages with the U.S. Department of Labor Wage and Hour Division.

68.     Defendants' retaliatory conduct was in violation of 29 U.S.C. § 215(a)(3).

69.     Due to Defendants' illegal retaliation, Plaintiffs Radford Daly and Neil Simpson are entitled to recover from Defendants, jointly and severally, back pay, compensatory damages, liquidated damages, punitive damages, and reasonable attorneys' fees, and costs of the action, and such other legal or equitable relief as may be appropriate pursuant to 29 U.S.C. § 216(b).

## VIII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

70.     Certify this case as a class action pursuant to Fed. R. Civ. Proc. 23(b)(1) and (3);

71.     Designate this action as a collective action on behalf of the proposed Collective Class pursuant to FLSA § 216(b) and order prompt issuance of notice to all similarly situated members of the Collective Classes apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to FLSA § 216(b) and toll the statute of limitations on the claims of all "opt-in" Class Plaintiffs from the date of filing of this Complaint until the Collective Class has been provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt in as plaintiffs;

72.     Designate Plaintiffs Radford Daly and Neil Simpson as representatives of the Rule 23 Class Plaintiffs;

73.  Declare Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under the FLSA;

74.  Declare Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under NYLL;

75.  Declare that Defendants' violations of the FLSA and NYLL were willful;

76.  Order Defendants to pay to Plaintiffs and Class Members all wages owed, consistent with the FLSA;

77.  Order Defendants to pay to Plaintiffs and Class Members all wages owed, consistent with NYLL;

78.  Award Plaintiffs and Class Members liquidated damages for all wages withheld or delayed in violation of FLSA;

79.  Award Plaintiffs and Class Members additional liquidated damages for all wages withheld, deducted or delayed in violation of NYLL;

80.  Award Plaintiffs and Class Members statutory damages for Defendants' violations of the hiring and wage notice provisions of NYLL;

81.  Order Defendants to reinstate Plaintiffs to their employment;

82.  Award Plaintiffs back pay, compensatory damages, liquidated damages, punitive damages, and reasonable attorneys' fees, and costs of the action, and such other legal or equitable relief as may be appropriate pursuant to 29 U.S.C. § 216(b) for Defendants' illegal retaliation in violation of the FLSA;

83.  Award the named Plaintiffs additional appropriate compensation as incentive payments for their particular participation in this litigation benefitting other workers;

84.  Award Plaintiffs reasonable attorneys' fees, costs and interest; and

85.    Award Plaintiffs such other legal and equitable relief as the Court deems appropriate.

## IX.  REQUEST FOR TRIAL BY JURY

Plaintiffs respectfully request a trial by jury as to all claims to which they are entitled.


RESPECTFULLY SUBMITTED,


   /s/ Robert McCreanor

Robert McCreanor, Esq.
Law Office of Robert D. McCreanor, P.L.L.C.
245 Saw Mill River Road
Suite 106
Hawthorne, NY 10532
(845) 202 1833
rmccreanor@rdmclegal.com


**ATTORNEYS FOR THE PLAINTIFFS**

Dated: September 2, 2021